IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ABDUL FLAMER | : | CIVIL ACTION |
|---|---|---|
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| BRIAN V. COLEMAN, et al. | : | |
| Respondents | : | No. 08-3127 |

**MEMORANDUM AND ORDER**

LOWELL A. REED, JR., Sr. J.

AND NOW, this 12th day of May 2010, upon consideration of petitioner's objection (Doc. Nos. 16, 18) to my memorandum and order (Doc. Nos. 14, 15), which this court has construed as a motion for reconsideration[1] (Doc. No. 17), the Court makes the following findings and conclusions:

1. On June 27, 2008 Abdul Flamer ("Flamer") filed a petition for writ of habeas corpus (Doc. No. 1) alleging claims of ineffective assistance of counsel as well as due process violations. After a close and objective review of the arguments and evidence, I found that one of Flamer's claims was unexhausted and, therefore, procedurally defaulted[2] and four of his claims were without merit pursuant to the Anti-Terrorism and

---

[1] See, e.g., Graco Children's Products, Inc.. v. Regalo Intern., LLC, 77 F.Supp.2d 660, 661 n.1. (E.D. Pa. 1999) (noting that the request for reconsideration was contained in a letter that did not comply with Federal Rule of Civil Procedure 7 or Local Rule of Civil Procedure 7.1, and, despite this, the court considered the letter as a motion for reconsideration).

[2] When a claim is not exhausted because it has not been "fairly presented" to the state courts, but state procedural rules bar a petitioner from seeking further relief in state courts, the exhaustion requirement is satisfied because there "is an absence of state corrective process." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999) (citing 28 U.S.C. § 2254(b)). In such cases, however, petitioners are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the petitioner establishes "cause and prejudice" to excuse his default. Id. (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).
The Supreme Court has delineated what constitutes "cause" for the procedural default:

Effective Death Penalty Act ("AEDPA"), 28 U.S.C.A. § 2254(b)(1),(d)(1). As a result, I denied the petition with prejudice and without a hearing, and ordered that a certificate of appealability not be issued. See Flamer v. Coleman, No. 08-3127 (E.D. Pa. September 17, 2009) (Doc. No. 15). Presently before the Court is Flamer's motion for reconsideration, asking the Court to reverse its order denying his petition for writ of habeas corpus and to grant his request for a new trial.

2. Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(g) of the United States District Court for the Eastern District of Pennsylvania allow parties to file motions for reconsideration or amendment of a judgment. Fed.R.Civ.P. 59(e); E.D. Pa. R. Civ. P. 7.1(g). These motions should be granted sparingly, reconsidering the issues only when: (1) there has been an intervening change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact. North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration as it is improper "to ask the Court to rethink what [it] had already thought through – rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotation marks omitted).

3. Flamer appears to argue that I must re-examine my decision because of a clear error of law or fact and manifest injustice. In support thereof, he asserts that two of his ineffective assistance of counsel claims are indeed meritorious. He further contends that his unexhausted and procedurally defaulted claim was, in fact, exhausted.

4. Flamer argues that I erred in finding that two of his claims of ineffective assistance of trial counsel were without merit. For the reasons set forth in my September 17, 2009 Memorandum, I conclude that the state court's finding that Flamer's trial counsel did not provide ineffective assistance was neither contrary to, nor an unreasonable application of, federal law. Therefore, the claims are denied. See Flamer v. Coleman, No. 08-3127, at 13-16 (E.D. Pa. Sept. 29, 2009) (Doc. No. 14). Flamer does not point to any "new" factual or legal issue that would alter the disposition of this matter,

---

the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Werts v. Vaughn, 228 F.3d 178, 192-193 (3d Cir. 2000) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). With regard to the prejudice requirement, the habeas petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Id. at 193 (citing Carrier, 477 U.S. at 494). This standard essentially requires the petitioner to show he was denied "fundamental fairness" at trial. Id.

2

nor does he present any clear error of law or fact that would necessitate a different ruling.

     5. Flamer next argues that I erred in finding that his claim that appellate counsel was ineffective for failing to claim trial counsel was ineffective was unexhausted and therefore procedurally defaulted. Flamer asserts that he made a typographical error and subsequently failed to make the correct claim. I conclude that Flamer's apparent lack of care in articulating his claim proves fatal to his clam. Further, Flamer's assertion that trial counsel was ineffective for not impeaching one of the victims based on his medical records lacks merit, and appellate counsel cannot be deemed ineffective for choosing not to litigate a meritless claim. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

     6. Despite his arguments to the contrary, Flamer has not provided any evidence of a clear error of law or fact, nor has he demonstrated that manifest injustice will result from my ruling.

     Accordingly, it is hereby **ORDERED** that the motion to reconsider (Doc. Nos. 16, 18) by **ABDUL FLAMER** is **DENIED**. It is further **ORDERED** that no certificate of appealability will be issued pursuant to 28 U.S.C. § 2253 because Flamer has failed to make a substantial showing of denial of a constitutional right.

                                                              s/Lowell A. Reed, Jr.
                                                              LOWELL A. REED, JR., S.J.